MICHELE BECKWITH
Acting United States Attorney
CHARLES CAMPBELL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

FILED
Apr 24, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SALOMON JAIMES SALGADO, aka Ruben Ruiz, aka Jaimes Efrain Salgado, aka Rodrigues Ramone Salomon, aka Pedro Zuniga, <br><br> Defendant. | CASE NO. 2:25-cr-0105 TLN <br><br> 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. § 1542 – False Statement in Application for a United States Passport; 8 U.S.C. § 1326(a) – Reentry of Removed Alien; 18 U.S.C. §§ 982(a)(6)(A)(ii)(I) and (II) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

The Grand Jury charges: T H A T

SALOMON JAIMES SALGADO,

defendant herein, on or about March 2, 2023, in the County of Solano, State and Eastern District of California, did knowingly, transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, a California birth certificate for Person 1, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, Making a False Statement in a Passport Application, in violation of Title 18, United States Code, Section 1028A(a)(1).

///

COUNT TWO: 18 U.S.C. § 1542 –False Statement in Application for United States Passport

The Grand Jury further charges: T H A T

SALOMON JAIMES SALGADO,

defendant herein, on or about March 2, 2023, in the County of Solano, State and Eastern District of California, did willfully and knowingly make false statements in an application for a passport with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant stated: that he was a United States citizen named Person 1's name; that he had a Social Security Number ending in -1471; and that his date of birth was November XX, 19XX, all of which he knew to be false, in violation of Title 18, United States Code, Section 1542.

COUNT THREE: 8 U.S.C. § 1326(a) – Reentry of Removed Alien

The Grand Jury further charges: T H A T

SALOMON JAIMES SALGADO,

defendant herein, an alien, on or about February 1, 1999, was excluded, deported, and removed from the United States after being convicted of one or more crimes punishable by a term of imprisonment exceeding one year, specifically:

(1) Receiving Known Stolen Property, in violation of California Penal Code Section 496, on or about February 8, 1989, in Solano County, California;

(2) Taking a Vehicle Without Owner Consent, in violation of California Penal Code Section 166, on or about March 28, 1989, in Contra Costa County, California;

(3) Felon in Possession of a Weapon, in violation of California Penal Code Section 12021, on or about January 5, 1990, in Solano County, California;

(4) Burglary in the Second Degree, in violation of California Penal Code Section 459, on or about January 5, 1990, in Solano County, California;

(5) Burglary in the Second Degree, in violation of California Penal Code Section 459, on or about January 23, 1991, in Solano County, California;

(6) Receiving Known Stolen Property, in violation of California Penal Code Section 496.1, on or about October 7, 1992, in San Joaquin County, California;

(7) False Personation of Another, in violation of California Penal Code Section 529, on or about April 26, 1993, in Solano County, California;

(8) Receiving Known Stolen Property, in violation of California Penal Code Section 496.1, on or about December 16, 1994, in Solano County, California;

(9) Weapon/Tear Gas Offense: Prison, in violation of California Penal Code Section 496D(a), on or about May 10, 1995, in Solano County, California;

(10) Illegal Reentry, in violation of Title 18, United States Code Section 1326(a), on or about December 22, 1997, in the Southern District of California;

and, thereafter, on or about November 22, 2023, the defendant was found in the State and Eastern District of California, after voluntarily and knowingly reentering the United States, with neither the Attorney General of the United States nor the Secretary of the Department of Homeland Security having expressly consented to a reapplication by the defendant for admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 982(a)(6)(A)(ii)(I) and (II) – Criminal Forfeiture]

1.  Upon conviction of the offense alleged in Count Two of this Indictment, defendant SALOMON JAIMES SALGADO shall forfeit to the United States pursuant to Title 18, United States Code, Sections 982(a)(6)(A)(ii)(I) and (II), any property real or personal that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of said violation, or any property was used or intended to be used to facilitate the commission of said violation, including but not limited to the following:

   a.  A sum of money equal to the amount of proceeds obtained as a result of the offense, for which defendant is convicted.

2.  If any property subject to forfeiture, as a result of the offense alleged in Count Two of this Indictment, for which defendant is convicted:

   a.  cannot be located upon the exercise of due diligence;
   b.  has been transferred or sold to, or deposited with, a third party;
   c.  has been placed beyond the jurisdiction of the Court;
   d.  has been substantially diminished in value; or

INDICTMENT

1        e.    has been commingled with other property which cannot be divided without

2            difficulty;

3  it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1),

4  incorporating by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

5  of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

*[signature]*
MICHELE BECKWITH
Acting United States Attorney

INDICTMENT

4

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
vs.

SALOMON JAIMES SALGADO, AKA RUBEN RUIZ, AKA JAIMES EFRAIN SALGADO, AKA RODRIGUES RAMONE SALOMON, AKA PEDRO ZUNIGA,

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. § 1542 – False Statement in Application for a United States Passport; 8 U.S.C. § 1326(a) – Reentry of Removed Alien; 18 U.S.C. §§ 982(a)(6)(A)(ii)(I) and (II) – Criminal Forfeiture

*A true bill,*      **/s/ Signature on file w/AUSA**

_____
                Foreman.

Filed in open court this _____ 24th day

of  April _____, A.D. 20 25 ___

                          /s/ C. Nair
_____
                Clerk.

Bail, $ No bail bench warrant to issue.

                                    _____
                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE

GPO 863 525

<u>United States v. Salomon Jaime Salgado</u>
**Penalties for Indictment**

### COUNT 1: Aggravated Identity Theft

VIOLATION:       18 U.S.C. § 1028A

PENALTIES:       Mandatory 2 years in prison to run consecutive to any other prison sentence
Fine of up to $250,000; or both fine and imprisonment
A term of supervised release of up to 1 year

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNT 2: False Statement in Application and United States Passport

VIOLATION:       18 U.S.C. § 1542

PENALTIES:       Maximum of 10 years in prison
Fine of up to $250,000; or both fine and imprisonment
A term of supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNT 3: Reentry of Removed Alien

VIOLATION:       8 U.S.C. § 1326(a)

PENALTIES:       Maximum of 10 years in prison
Fine of up to $250,000; or both fine and imprisonment
A term of supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION:       18 U.S.C. §§ 982(a)(6)(A)(ii)(I) and (II) – Criminal Forfeiture

PENALTIES:       As stated in charging document